BEFORE THE THIRD DIVISION, JUNE 29, 1939

**No. 41762.**—Protest 926907–G of McKesson & Robbins (San Francisco).

KEEFE, Judge: The merchandise before us here consists of chinaware, being containers of sherry wine of a type ordinarily used to hold the particular brand of "Sandeman" sherry wine imported therein. The bottles are in the form of a man wearing a hat and cloak and represent the trade-mark of Sandeman, English liquor and wine dealers. The collector assessed duty thereon at 70 percent ad valorem and 10 cents per dozen separate pieces under paragraph 212, Tariff Act of 1930. The plaintiff claims that the containers are properly dutiable at one-third the rate applicable to chinaware under the provisions of paragraphs 212 and 810.

At the trial it was established that Sandeman wines are imported generally in regular bottles and that the wine imported is the bottles which are the usual containers of a special brand of sherry wine. The containers and the sherry contained therein are of about equal value. The Sandeman wines are known throughout the

world by the trade-mark depicted by the bottles in question. It was further established that the container, after being emptied of its contents, is not again used as a container.

The plaintiff contends that the merchandise is not a container such as is referred to in section 504 because the shape and form of the covering are usual for the class of wine contained therein and that it is not an unusual article designed for use otherwise than in the bona fide transportation of wine. It is further contended that, being a chinaware bottle imported as a container of wine, duty is specifically provided therefor under paragraph 810 at one-third the normal rate if imported empty.

The Government contends that the covering is not the usual container of sherry wine and from its very appearance it is evident that it is a piece of artistic chinaware and that the mere design thereof establishes its primary use for something other than a container. The Government further contends that the article herein is neither a bottle nor a jug in the common meaning of those terms, and therefore it is not entitled to the preference in duty as provided in paragraph 810, and is properly dutiable at the normal rate for such articles when imported empty.

The paragraphs and sections of the Tariff Act of 1930 in question provide as follows:

PAR. 212. China, porcelain, and other vitrified wares, * * * including * * * statues * * * and all other articles composed wholly or in chief value of such ware, * * * painted, colored, * * * or ornamented * * * in any manner, * * * 70 per centum ad valorem. In addition to the foregoing there shall be paid a duty of 10 cents per dozen separate pieces on all tableware, kitchenware, and table and kitchen utensils.

PAR. 810. When any article provided for in this schedule is imported in bottles or jugs, duty shall be collected upon the bottles or jugs at one-third the rate provided on the bottles or jugs if imported empty or separately.

SEC. 504. COVERINGS AND CONTAINERS.

If there shall be used for covering or holding imported merchandise, whether dutiable or free of duty, any unusual material, article, or form designed for use otherwise than in the bona fide transportation of such merchandise to the United States, additional duties shall be levied upon such material, article, or form at the rate or rates to which the same would be subjected if separately imported.

We are not impressed with the argument of Government that the containers in question are not included within the terms "bottles or jugs." Webster's New International Dictionary defines a bottle as follows:

1. A hollow vessel, usually of glass or earthenware, with a comparatively narrow neck or mouth and without handles. * * * Bottle is now so loosely used that its limit of application is not well defined; it is generally distinguished from such vessels as the jug and demijohn.

The Century Dictionary and Cyclopedia defines a bottle as, "A hollow mouthed vessel of glass, wood, leather, or other material, for holding or carrying liquids." Either of these definitions clearly includes the containers before us.

Section 504, supra, provides that a container of any unusual material, article, or form designed for use otherwise than in the bona fide transportation of its contents is dutiable at the rate or rates to which the same would be subjected if separately imported. Under this section the bottles in question if unusual to this class of merchandise would be dutiable at the appropriate rate for chinaware. However, we are unable to consider this section alone. We must read it in connection with paragraph 810, which provides that, when any merchandise in schedule 8 is imported in bottles, duty shall be collected at one-third the rate provided thereon, if imported empty or separately. Such articles if imported separately are dutiable at 70 percent ad valorem. Under the provisions of paragraph 810 because of their contents they are dutiable at only one-third of said rate. Admitting they are dutiable separately at 70 percent ad valorem,

we are still confronted with the fact that they contain merchandise provided for in schedule 8. Section 504 provides a duty for containers which are unusual when containing ad valorem goods, first, at the rate of the contents, and second, at the normal rate of such article if imported empty. When such coverings contain merchandise dutiable at a specific rate, or free merchandise, obviously they are dutiable only at the normal rate of such containers if imported empty. In view of the clear and unambiguous language of paragraph 810, in which no exception is made with regard to the reuse of bottles in which wines or liquors are imported, either as containers or for their decorative effect, we are of the opinion that only one duty may be assessed upon the wine bottles in question, and that duty shall be one-third the rate provided on the bottles if imported empty or separately. The rate if imported empty or separately being 70 percent ad valorem under paragraph 212, the rate properly applicable to the wine bottles in question is obviously one-third of such rate.

In the case of *Wines & Spirits (Hawaii), Ltd.* v. *United States*, 25 C. C. P. A. 235, T. D. 49338, bottles containing brandy were claimed free of duty as the usual containers of specific duty merchandise. The court in holding them dutiable at one-third their normal rate stated:

In the case at bar it is expressly provided that bottles containing spirits, wines, and other beverages provided for in Schedule 8 shall be separately dutiable at a specified rate.

No exception is made in paragraph 810 with regard to reuse of bottles in which liquor is imported   *   *   *   we must hold that said paragraph makes dutiable all bottles therein specified, regardless of whether or not they may be reused for other purposes after the emptying of their contents.

There the bottles were not unusual containers, but the court there points out that even though they were adaptable for use otherwise than in the transportation of their contents the duty thereon would be limited to one-third the normal rate.

The bottles herein were assessed at the specific rate of 10 cents per dozen separate pieces as tableware. At the trial it was stipulated between counsel that the bottles were not tableware. Having been used as containers of wines, said containers are held dutiable at one-third of 70 percent ad valorem by virtue of paragraph 810, as claimed by the plaintiffs.

For the reasons stated, judgment will be rendered in favor of the plaintiffs, directing the collector of customs to reliquidate the entry and make refund of all duties taken in excess.